The finding of the court will, therefore, be in favor of the plaintiff as to all except the amount of bonds necessary to be issued in payment of the two sewer contracts, and in favor of the defendants, Campbell and Ausman, as to the bonds for such amounts.

. A perpetual injunction will be allowed restraining the defendants from executing and issuing all bonds for the paving improvement and from tearing up the streets and alleys of Rockford for such paving improvements.

The injunction heretofore granted as to the bonds to be issued for the sewer improvements will be dissolved.

Judgment against the defendants, the council and officers of the village of Rockford for costs. Execution awarded and cause remanded for execution.

**Norris** and **Donnelly, JJ.,** concur.

---

## BILLS, NOTES AND CHECKS.

[Hamilton (1st) Circuit Court, December 29, 1906.]

Jelke, Swing and Giffen, JJ.

CARRARA PAINT AGENCY CO. v. AMERICAN NAT. BANK OF BARBERTON ET AL.

BURDEN OF PROVING ACCEPTANCE OF BILL OF EXCHANGE.

Where the execution of the acceptance of a bill of exchange is denied, the burden of proving such execution is thrown upon the plaintiff.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**C. W. Baker,** for plaintiff in error.

**Karch & Quasser,** for the bank.

**Harmon, Colston, Goldsmith & Hoadly,** for the cash register company and O. E. Robinson:

The American National Bank sued the Carrara Paint Agency Company, as acceptor, the Twentieth Century Cash Register Company, as drawer, and O. E. Robinson, as indorser of a bill of exchange for $2,500. At the trial below an instructed verdict was returned for the bank for the full amount of its claim.

The citations of the paint company in support of its petition in error were: *Chicago Electric L. Ry.* v. *Hutchinson,* 25 Ill. App. 476; *Gray* v. *Tunstall,* 1 Hempst. 558 [10 Fed. Cas. 1041]; *Walsenburg*

*Water Co.* v. *Moore,* 5 Colo. App. 144 [38 Pac. Rep. 60]ᶜ; *First Nat. Bank* v. *Carson,* 30 Neb. 104 [46 N. W. Rep. 276]; *Monitor Plow Works* v. *Born,* 33 Neb. 747 [51 N. W. Rep. 129]; *Siefke* v. *Siefke,* 51 N. Y. St. 761 [22 N. Y. Supp. 546]; *Wallace* v. *Wallace,* 8 Ill. App. 69.

**GIFFEN, J.**

The defendant, the Carrara Paint Agency Company, denied by answer that it ever made, executed or delivered, or ever authorized to be made, executed or delivered, the acceptances set forth in the petition. The burden of proving the execution of the acceptances was thereby placed upon the plaintiff. *Pavey* v. *Pavey,* 30 Ohio St. 600; *Booco* v. *Mansfield,* 66 Ohio St. 121 [64 N. E. Rep. 115]; Rev. Stat. 5190, 6577 (Lan. 8699, 10159).

The cashier of the bank testified that the signature of the Carrara Paint Agency Company was "put upon the drafts before they came into the bank;" but this was in answer to a question which assumed that the signatures were genuine. Counsel for defendant objected to this question, but the court overruled the objection; to which ruling the defendant excepted.

This was prejudicial error. If the bank is a holder in due course a valid delivery of the drafts by all parties prior to it so as to make them liable to it is conclusively presumed. Revised Statute 3171*o* (Lan. 4913).

Judgment reversed and cause remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.